UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRYAN LEO SIKORSKI,

Plaintiff,

v.                                                                      Case No. 26-cv-0938-bhl

JEFFERSON COUNTY,

Defendant.

## DECISION AND ORDER

Plaintiff Bryan Leo Sikorski is incarcerated at the Wisconsin Resource Center and representing himself in this 42 U.S.C. §1983 case. On May 26, 2026, Sikorski moved to proceed without prepaying the filing fee (*in forma pauperis*). Under the Prison Litigation Reform Act (PLRA), before the Court will grant a prisoner leave to proceed *in forma pauperis*, the prisoner must pay an initial partial filing fee, which is calculated by using a formula in the PLRA. *See* 28 U.S.C. §1915(b)(1). Based on a review of Sikorski's trust account statement, the Court assessed an initial partial filing fee of $16.52 and ordered Sikorski to pay the fee by July 13, 2026. A couple of weeks later, Sikorski filed a motion to waive the fee, stating that he does not have enough money in his regular account to pay the fee and he does not know how to access the money in his release account.

A court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal punctuation omitted).

The trust account statement Sikorski submitted covers the period of December 11, 2025 through May 29, 2026. During that time, Sikorski regularly received deposits into his account.

The Court acknowledges that a significant portion of each deposit was automatically deducted by the Center to satisfy various debts, but the trust account shows that Sikorski also made regular media credit and canteen purchases. The Seventh Circuit has instructed, "It is not enough that the prisoner lacks assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Accordingly, while Sikorski may now be without sufficient assets in his regular account (because he spent his money), he is not without means (because he receives regular deposits into his account). Sikorski bears the consequence for spending his money rather than saving some of it to pay the initial partial filing fee. The Court will therefore deny his request to waive his obligation to pay the $16.52 initial partial filing fee. Sikorski is reminded to follow the policies at the Center to arrange the payment of the fee. As noted in the Court's June 12, 2026 order, if he has insufficient funds in his regular account, he may request that the remainder be paid with money in his release account. Sikorski should ask staff about the procedure for accessing funds in his release account. If he does not pay the fee by the deadline, the Court will deny his motion to proceed without prepaying the filing fee and will dismiss this case without prejudice based on his failure to pay the filing fee. If Sikorski believes he needs more time to arrange payment of the initial partial filing fee, he may file a motion asking the Court to extend the deadline.

Sikorski also requests that he be given more time after he is released in October to locate counsel. The Court will deny the request as premature. At this point, the only deadline is the one by which he must pay the initial partial filing fee. As noted, Sikorski may request an extension of this deadline if he needs more time to arrange payment of the fee. To the extent Sikorski is asking the Court to recruit counsel to represent him, the Court will deny that request. Again, at this stage, all Sikorski must do is pay the initial partial filing fee, which he is capable of arranging on his own. *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged").

Finally, the Court notes that Sikorski has another case pending, and he placed both case numbers on this filing. Sikorski is advised that each filing may include only one case number. He

2

must file a separate motion in each case, even if he is making similar or identical requests in both cases.

**IT IS THEREFORE ORDERED** that Sikorski's motion to waive the initial partial filing fee, to extend case deadlines after his release, and to appoint counsel (Dkt. No. 7) is **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of June, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

3