BRYAN LEO SIKORSKI,

    Plaintiff,

  v.             Case No. 26-cv-0938-bhl

JEFFERSON COUNTY,

    Defendant.

## SCREENING ORDER

Plaintiff Bryan Leo Sikorski, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Sikorski's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Sikorski has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Sikorski has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $16.52. Sikorski's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Sikorski's handwriting is difficult to read and is illegible in some places. From what the Court can gather, Sikorski alleges that he was incarcerated at the Jefferson County Jail for hundreds of days longer than he believes he should have been. Although unclear, it appears that time credited to his sentences exceeded the total sentence he received in Jefferson County cases 21CF368 and 21CM288. Sikorski appears to want to hold the public defender appointed to represent him and the state court judge responsible for this outcome.

### THE COURT'S ANALYSIS

Sikorski names Jefferson County as the only Defendant in this case, but it is not clear why. He asserts that he was held at the Jefferson County Jail for hundreds of days longer than he should have been, but a review of the dockets for 21CF368 and 21CM288 reveal that he was incarcerated at the order of the judge presiding over those cases. Under §1983, a defendant is liable for damages only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with her knowledge and consent. *See Williams*

2

*v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). Accordingly, the correct Defendant would be the judge presiding over Sikorski's criminal cases, who ordered that Sikorski be detained. But Sikorski cannot proceed on a claim against the judge because judges enjoy absolute immunity from lawsuits. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Sikorski also seems to blame the public defender for failing to follow court procedure, but public defenders are not "state actors" and cannot be sued under §1983. Sikorski therefore fails to state a claim on which relief can be granted.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Sikorski believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **August 14, 2026**. If Sikorski chooses to file an amended complaint, he should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; and (4) how the Court can assist him in relation to those events. Sikorski should write neatly and clearly and should set forth his allegations in short and plain statements. He should ensure that his amended complaint can be understood by someone who does not know anything about the underlying facts of his case.

Sikorski is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056–57* (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Sikorski's failure to state a claim in his original complaint. The Court will enclose an amended complaint form along with this decision.

Finally, the Court will deny Sikorski's motion to appoint counsel at this early stage of the case. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). At this point, all Sikorski has to do is tell the Court what happened, which, based on his filings to date, the Court believes he has the capacity to do.

**IT IS THEREFORE ORDERED** that Sikorski's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED** and his motion for an extension of time to pay the filing fee (Dkt. No. 12) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Sikorski's motion to appoint counsel (Dkt. No. 10) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **August 14, 2026**, Sikorski may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Sikorski a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Sikorski shall collect from his institution trust account the $333.48 balance of the filing fee by collecting monthly payments from Sikorski's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Sikorski is transferred to another institution, the transferring institution shall forward a copy of this Order along with Sikorski's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Sikorski is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

4

Sikorski is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 14th day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

5