UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRYAN LEO SIKORSKI,

Plaintiff,

v. Case No. 26-cv-0938-bhl

JEFFERSON COUNTY,

Defendant.

**SCREENING ORDER**

Plaintiff Bryan Leo Sikorski, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 14, 2026, the Court screened the complaint and after concluding the complaint failed to state a claim on which relief could be granted, gave Sikorski the opportunity to file an amended complaint, which he did on August 6, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

**SCREENING OF THE AMENDED COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

As he did in the original complaint, Sikorski asserts that he "was incarcerated over/past the amount of time the court's gave [him]." Dkt. No. 17. Sikorski explains that he was sentenced to one year in two different criminal cases with the sentences to run concurrently and also given a sentence credit of 931 days, which was "way over the time recommendation." *Id.*

## THE COURT'S ANALYSIS

Sikorski expresses confusion over who he should sue as the Defendant. In his allegations, he identifies several officers who worked at the jail where he was confined, but, as the Court explained in the original screening order, under §1983, a defendant is liable for damages only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with his knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). Here, a review of the dockets for the two criminal cases that Sikorski references in his amended complaint (Jefferson County Case Nos. 21CF611 and 21CM288) reveals that the judge presiding over the cases ordered that he be detained pending a competency determination. Accordingly, as the Court informed Sikorski in the original screening order, the presiding judge is the person allegedly responsible for the "extra" time Sikorski spent in jail.[1] But, as the Court also explained, Sikorski cannot proceed on a claim against the judge because judges enjoy absolute immunity from lawsuits. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The Court will therefore dismiss the amended complaint as frivolous. Describing his claim as frivolous does not impugn Sikorski's honesty or downplay the seriousness of his allegations; it merely acknowledges that established precedent, which the Court advised Sikorski of in the original screened order, forecloses such a claim. *See Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022).

Finally, because the Court is dismissing this action, it will deny as moot Sikorski's motion to withdraw and his motion to appoint counsel.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) as frivolous.

[1] The Seventh Circuit has held that "district courts may bypass the impediment of the *Heck* doctrine and address the merits of the case." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011).

**IT IS FURTHER ORDERED** that Sikorski's motion to withdraw (Dkt. No. 15) and his motion to appoint counsel (Dkt. No. 18) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of August, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.